IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.  24-CR-6085-FPG

RADHAMES CANDELARIO-LOPEZ,

Defendant.

## PLEA AGREEMENT

The defendant, RADHAMES CANDELARIO-LOPEZ, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count Information which charges a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and distribute, 40 grams or more of fentanyl), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 40 years, a fine of $5,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 4 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.	The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.	ELEMENTS AND FACTUAL BASIS

3.	The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

First, that an agreement existed between two or more persons to commit a controlled substance felony offense, to wit, to possess with intent to distribute, and to distribute, a controlled substance;

Second, that the defendant knew of the existence of the agreement;

Third, that the defendant intended to participate in the unlawful agreement; and

Fourth, that at least 40 grams of a mixture and substance containing fentanyl was reasonably foreseeable to the defendant as being within the scope of the agreement.

## FACTUAL BASIS

4.	The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. Between in or about April 2023, and on or about January 17, 2024, in Monroe County, in the Western District of New York, and elsewhere, the defendant, RADHAMES CANDELARIO-LOPEZ, did knowingly and intentionally combine, conspire, and agree with Timothy Jackson, Jr. a/k/a T a/k/a T-Rock and others, known and unknown, to possess with intent to distribute, and distribute, 40 grams or more of a mixture and substance containing fentanyl, a Schedule II controlled substance. The defendant admits the purpose of the conspiracy was to sell fentanyl for profit.

b. In furtherance of the conspiracy, the defendant supplied large quantities of fentanyl to Jackson which Jackson broke down into smaller quantities and sold in drug houses on Angle Street in the City of Rochester. During the conspiracy, the defendant and other co-conspirators possessed firearms.

c. On January 17, 2024, a search warrant was executed at the defendant's residence at 25 Kirkland Road, Rochester, New York. Upon entry, officers encountered the defendant, a female adult, and three young children. During the search, officers seized paperwork in the defendant's name, 42 bags containing a total of 38.625 grams of fentanyl, 147 bags containing a total of 7.275 grams of cocaine, one (1) digital scale, $2,285.00 in cash, over 100 rounds of ammunition (.223 caliber and 9mm caliber), and the defendant's cell phone (585) 503-8095, over which the defendant was intercepted pursuant to an eavesdropping warrant speaking to Jackson in furtherance of the narcotics conspiracy.

d. For purposes of this plea agreement only, the parties agree that, based on the Drug Conversion Tables of the Sentencing Guidelines, the amounts of cocaine and fentanyl involved in the defendant's relevant conduct encompassed in Count 1 of the Information which could be readily proven by the government against the defendant are the equivalent of at least 700 kilograms but less than 1,000 kilograms of Converted Drug Weight.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.  The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(5) apply to the offense of conviction and provide for a base offense level of 30.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.  The government and the defendant agree that the following specific offense characteristic does apply:

   a.  the two-level increase pursuant to Guidelines § 2D1.1(b)(1) (possession of dangerous weapon).

## ADJUSTED OFFENSE LEVEL

8.  Based on the foregoing, it is the understanding of the government and the defendant that the defendant's adjusted offense level is 32.

## ACCEPTANCE OF RESPONSIBILITY

9.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 29.

## CRIMINAL HISTORY CATEGORY

10.  It is the understanding of the government and the defendant that the defendant's criminal history category is III. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the

4

defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of **29** and criminal history category of **III**, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of **108 to 135 months**, a fine of **$30,000 to $5,000,000**, and a period of supervised release of **4 to 5 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

12. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14.     In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

### IV.  STATUTE OF LIMITATIONS

15.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V.  REMOVAL

16.     The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### VI.  GOVERNMENT RIGHTS AND OBLIGATIONS

17.     The defendant understands that the government has reserved the right to:

a.      provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in

6

      the offenses charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

18.    At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 24-MJ-4013.

19.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

20.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a sentence of imprisonment of **108 to 135 months**, a fine of **$30,000 to $5,000,000**, and a period of supervised release of **4 to 5 years**, notwithstanding the manner in which the Court determines the sentence. In the event

7

of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a sentence of imprisonment of **108 to 135 months**, a fine of **$30,000 to $5,000,000**, and a period of supervised release of **4 to 5 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. FORFEITURE PROVISIONS

### Administrative Forfeiture

23. The defendant acknowledges that Bureau of Alcohol, Tobacco and Firearms has completed administrative forfeiture with regard to the asset listed below. The defendant agrees not to contest the completed administrative forfeiture of the below asset and agrees to waive his right, title, and interest to any and all of the assets that were administratively forfeited Those assets include:

**Seized Currency:**

   a     The sum of $2,285.00 United States currency seized on or about January 17, 2024, which was administratively forfeited on June 11, 2024.

24. The defendant further agrees that this amount is also properly forfeitable pursuant to Title 21, United States Code, Section 853, as the $2,285.00 was proceeds of the defendant's illegal activities (the "Seized Currency").

25. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the currency survive and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a breach of this agreement.

26. The defendant agrees to unconditionally release and hold harmless the government and Bureau of Alcohol, Tobacco, Firearms and Explosives, its officers, employees, and agents, from any and all claims, demands, damages, causes of action or suits, of whatever kind that might now exist or hereafter exist relating to the seizure, restraint, and/or forfeiture of the aforementioned property. A final order of forfeiture will not be obtained for the seized asset.

27. The defendant agrees that for any reason, in any pleadings before the Court or any order of the Court, to include but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, if the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case or includes a clerical or technical error, the defendant will consent and not oppose any effort by the government to amend, correct or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary and at the discretion of the United States Attorney's Office, the defendant further agrees in the

9

alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones, computers and electronic equipment seized by law enforcement in this case.

### Abandonment of Ammunition

28. The defendant agrees to voluntarily abandon the following ammunition seized during the criminal investigation associated with this matter and waives any and all rights or interest which the defendant may still possess in said property or for which the defendant may have any claim. The defendant specifically agrees to voluntarily abandonment of the following ammunition:

   a. approximately five (5) boxes of Wolf Precision Ammunition containing 97 rounds of .223 ammunition with Tulammo headstamp; and

   b. approximately two (2) rounds of 9mm Federal ammunition; and

   c. approximately sixteen (16) rounds of 9mm Blazer ammunition.

29. The defendant agrees to waive any time restrictions, requirement, or any other applicable federal law, with respect to the abandonment of this property. The defendant hereby knowingly and voluntarily waives any right, title and interest in the property and agrees not to contest the vesting of title in the government. The defendant further waives the provisions of 41 Code of Federal Regulations 128-48.102-1 and 41 Code of Federal Regulations 128-48.50 with respect to the abandonment of the ammunition and agrees to sign any and all documentation in order to assist the government in facilitating the abandonment of the said property.

30. The defendant further understands that the government and any law enforcement agency acting on behalf of the government, to wit: the Bureau of Alcohol, Tobacco, Firearms and Explosives may in its discretion, destroy the ammunition.

31. The defendant agrees that the ammunition is subject to abandonment and agrees to the waive all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the abandonment of the ammunition.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

32. This plea agreement represents the total agreement between the defendant, RADHAMES CANDELARIO-LOPEZ, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
ROBERT A. MARANGOLA
Assistant United States Attorney

Dated: August __29__, 2024

I have read this agreement, which consists of pages 1 through 12. I have had a full opportunity to discuss this agreement with my attorney, MICHAEL P. SCHIANO, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this

11

agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____  
RADHAMES CANDELARIO-LOPEZ  
Defendant  

Dated: August ___, 2024

_____  
MICHAEL P. SCHIANO, ESQ.  
Attorney for the Defendant  

Dated: August ___, 2024

TO BE USED WITH INTERPRETER:

I, _Carlos Aguirre_ hereby affirm under penalty of perjury that I am a Spanish Interpreter and that I have carefully and fully translated the entire plea agreement (set forth above) to the defendant, **RADHAMES CANDELARIO-LOPEZ**, further that the defendant has indicated to me that the defendant understands the terms of this plea agreement and that by signing this agreement, the defendant agrees to all of its terms and conditions; the defendant has further specifically acknowledged to me that the defendant is signing the agreement voluntarily and after full consultation with the defendant's attorney, **MICHAEL P. SCHIANO, ESQ**.

DATED: August 29, 2024.

_____
Interpreter